UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PERRY AND SANDRA LACELLE,
husband and wife,

                  Plaintiffs,

   v.

2010-2 SFR VENTURE, LLC, and
MICHELLE GHIDOTTI, Trustee,


                  Defendants.

NO.  CV-12-3007-JPH

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I. INTRODUCTION

BEFORE THE COURT is defendants' motion pursuant to Federal Rule of
Civil Procedure 56 for summary judgment, ECF No. 20, noted for oral
argument on November 9, 2012. ECF No. 21. Defendants moved for summary
judgment as to all of plaintiffs' claims and as to defendants'
counterclaim. ECF No. 20. On September 20, 2012, plaintiffs responded
and cross-moved for partial summary judgment. ECF No. 26, 32. Defendants
responded to the cross-motion on October 11, 2012, ECF No. 33, and
plaintiffs replied. ECF No. 37. The court heard argument on plaintiffs'
cross-motion for partial summary judgment at the same time as
defendants' motion. ECF No. 29.

Plaintiffs are represented by Bruce O. Danielson. Defendants are
represented by Brian M. Born. The parties have consented to proceed

ORDER ON SUMMARY JUDGMENT
  1

before a magistrate judge. ECF No. 14.

Plaintiffs' complaint was removed to federal court pursuant to 28 U.S.C. § 1331 on January 20, 2012, because it is a civil action presenting a federal question, specifically, the Fair Debt Collection Practices Act, 15 U.S.C. § 1962. ECF Nos. 1, 7. Defendants answered on February 21, 2012, and asserted a counterclaim. ECF No. 5, 9.

## II. FACTS

Plaintiffs (Lacelles) bought and developed real property in this state. In March 2002 they formed and were members of LC Custom Homes, LLC (Custom Homes). Early in 2005 Custom Homes applied for a loan from Westsound Bank. The bank required Mr. Lacelle to sign a commercial security agreement (CSA) and a guaranty as additional security for the debts of Custom Homes. The CSA was secured by a beneficial interest in Mr. Lacelle's $200,000.00 personal life insurance policy. ECF No. 7 at ¶¶ 2.1-2.6; ECF No. 27 at ¶¶ 1-6, Ex. 1 and 2.

On March 24, 2005, Mr. Lacelle, as the managing member of Custom Homes, executed two notes on behalf of Custom Homes. One was for $212,950.00 (Ex. 3, note 1) and the other, $637,500.00 (Ex. 4, note 2). The notes were secured by Deeds of Trust against real property: Lots 29 (undeveloped) and 36 (land under development). The notes required monthly interest payments beginning May 10, 2005, and the tenth of the month thereafter. The notes had an original due date of 3/25/2006. ECF No. 27 at ¶¶ 7-9.

On July 12, 2005, Custom Homes made the interest-only payments two days late. Plaintiffs allege under the terms of the notes, Custom Homes was in default. By their terms the notes could be enforced upon failure

to make timely payment, however, default was not pursued at that time. The Lacelles never personally made payment on behalf of Custom Homes. ECF No. 27 at ¶¶ 10-11, Ex. 14 and 15.

Custom Homes was having difficulty meeting its obligations to Westsound Bank. Although both notes were originally due 3/25/2006, the bank agreed to a number of extensions as Custom Homes attempted to sell Lots 29 and 36. At the same time the notes were being extended, the parties modified the additional security, i.e., the life insurance policy. On December 2, 2005, Mr. Lacelle, as managing member of Custom Homes, executed an agreement to assign a certificate of deposit (CD) to the bank as security for its loans to Custom Homes (Ex. 13). ECF No. 27 at ¶¶ 13-14.

Plaintiffs allege the CD agreement fails to include the terms or conditions of the loan to Custom Homes or the obligations of payment of Mr. and Mrs. Lacelle. Under "additional terms" the agreement states Custom Homes can apply the withdrawal toward the payment of the secured debts, notes 1 and 2. ECF No. 27 at ¶ 14.

On August 9, 2006, Mr. Lacelle, as managing member of Custom Homes, signed a Commercial Debt Modification Agreement (Ex. 13), whereby a personal CD in the amount of $200,000.00 was released and replaced with a Deed of Trust against the Ronald Property, a home in Ronald, Washington. On August 22, 2006, Mr. and Mrs. Lacelle signed a real estate Deed of Trust against this Ronald, Washington home. ECF No. 24 at page 133. They allege they did not sign any separate promise or agreement for the $200,000.00 obligation set forth in the Ronald Deed of Trust. Plaintiffs allege this DOT stated the $200,000.00 represented

ORDER ON SUMMARY JUDGMENT
   3

security for notes 1 and 2, and if the notes were satisfied, this security was released. ECF No. 7 at ¶2.8; ECF No. 27 at ¶¶ 15-16.

The Ronald DOT further states the secured debt is evidenced by the promissory notes, contract guaranties "we may have signed," and states "This is a master Deed of Trust and will Cross Collateralize With any and all Loans Made to Entities Established by Perry Lacelle..." ECF No. 27 at ¶ 17.

With respect to the two notes, on 3/26/2006 note 1 was declared to be in default and due. On 9/25/2006, the same was declared as to note 2. ECF No. 27 at ¶ 18, Ex. 3 and 4.

Plaintiffs allege these are the entire obligations previously belonging to Westsound Bank which could have been asserted against Custom Homes or the additional security, the Ronald DOT. When those obligations were declared satisfied, plaintiffs continue, any additional security interest, such as the Ronald DOT, was also satisfied. *Id.*

On or about March 10, 2011, the debt to Westsound Bank (after takeover by the FDIC) was assigned by the FDIC to defendant SFR Venture. The loan was in default when it was transferred. ECF No. 7 at ¶¶ 2.15-2.16, ECF No. 27 at ¶ 19.

SFR Venture began a non-judicial foreclosure of Lots 29 and 36. Mr. and Mrs. Lacelle allege they never received personal notice of the foreclosures. They believed the non-judicial foreclosures "directed to Custom Homes would satisfy any claimed personal obligation." ECF No. 7 ¶¶ at 2.17-2.18; ECF No. 27 at ¶ 20. Plaintiffs wrote to defendant Ghidotti on June 20, 2011 requesting documentation to support the claimed obligation and the proper start of the non-judicial foreclosure.

ORDER ON SUMMARY JUDGMENT
4

ECF No. 7 at ¶ 2.19 (Ex. C). Defendants assert notices were sent. ECF No. 34 at ¶¶ 7, 9.

Both lots were sold on August 5, 2011. ECF No. 27 at ¶ 21, 34 at ¶ 12. Plaintiffs allege the notices of sale (Lot 29, Ex. 8 and Lot 36, Ex. 10) were not directed to the Lacelles personally and failed to provide notice that they would be personally liable for any claimed deficiency. Plaintiffs allege defendant SFR Venture declared the obligation satisfied in full and no other obligation supports a promise to pay the obligation referred to in the Ronald DOT. ECF No. 27 at ¶¶ 21-24.

Plaintiffs assert that, unbeknownst to the Lacelles, Trustee Michelle Ghidotti, who conducted the nonjudicial foreclosure and sale of Lots 29 and 36, began a nonjudicial foreclosure of the Lacelle's Ronald property. ECF No. 27 at ¶ 25; Ex. 6. These notices recite the claimed obligations in default are the obligations of notes 1 and 2. Plaintiffs allege that following nonjudicial foreclosure on Lots 29 and 36, the language in the Trustee's Deeds filed by defendant Ghidotti clearly states the claimed debts are paid in full and satisfied. [Defendants discontinued the nonjudicial foreclosure of the Ronald property prior to the trustee's sale. ECF No 23 at ¶ 24.] Plaintiffs allege their real property should be restored to them free of any claimed deficiency resulting from the nonjudicial foreclosure sales of the security for notes 1 and 2. Plaintiffs seek declaratory judgment granting this relief. ECF No. 1 at ¶¶ 3.1-3.9, ECF No. 27 at ¶¶ 25-28.

As set forth below in greater detail, plaintiffs sued defendants alleging they violated the Washington Collection Agency Act, the Fair Debt Collection Practices Act and the Washington Consumer Protection

ORDER ON SUMMARY JUDGMENT
  5

Act, causing plaintiffs damage. They seek to quiet title with respect to the Ronald (but not the Wexford[1]) property, as well as injunctive relief enjoining foreclosures of the Ronald property. Plaintiffs allege defendants failed to mitigate damages. ECF No. 7 at ¶¶ 7.2-7.3, 8.2-8.3; 9.2-9.3, and pages 11-13.

Defendants counterclaimed for declaratory judgment seeking a first lien in the amount of $200,000.00 pursuant to what they call the Kittitas (also described elsewhere as Ridgecrest and Ronald) Deed of Trust. No deficiency is being sought.

Defendants moved for summary judgment seeking dismissal of all claims, summary judgment as to its counterclaim and a decree of foreclosure. ECF No. 20 at 1.

### III. CLAIMS

Plaintiffs allege three statutory claims and four claims related to allegedly void documents. As to the latter, plaintiffs allege they are entitled, pursuant to RCW 7.24.010 and .020, to a declaratory judgment that, as a matter of law, "any personal obligation/guarantee" for the Ronald Deed of Trust is (1) barred by the statute of limitations, (2) null, void or voidable because they lack new or sufficient consideration, (3) the Guaranty is null, void or voidable because it lacks essential contract elements, (4) the Ronald Deed of Trust is null, void or voidable because they lack the essential elements to support the obligation and (5) the prior non-judicial foreclosures of real property

---

[1]The Wexford Avenue, Port Orchard property in Kitsap County is not before the court. ECF No. 9 at pages 8-11, ECF No. 23 at ¶¶16-18; Ex. H.

ORDER ON SUMMARY JUDGMENT
   6

securing the debt of Custom Homes have released or satisfied any claims for any alleged obligations of plaintiffs. ECF No. 7 at ¶¶ 3.2-3.7.

With respect to the statutory claims, as set forth more fully below, plaintiffs allege violations of the Fair Debt Collection Practices Act, the Washington Collection Agency Act and the Washington Consumer Protection Act. ECF No. 7 at ¶¶ 3.8-3.11, 4.2-4.3, 4.5.

### IV. SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the responsibility of informing the court of its basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56©).

If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact, 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991)(quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). The non moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex*, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809

ORDER ON SUMMARY JUDGMENT
7

F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Id.; In re Agricultural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

The court's inquiry at summary judgment is therefore whether a reasonable jury could find by the preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## V.  DISCUSSION

**A. Claim one: violation of the Fair Debt Collection Practices Act**

Plaintiffs allege defendants are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692 and are not licenced or authorized to attempt to collect debt. Plaintiffs allege defendants violated the statute by attempting to collect alleged debt against plaintiffs, attempting to enforce a time-barred debt, and attempting to collect a debt using a false or misleading name. Further, despite actual notice the alleged debt is disputed, plaintiffs allege defendants have failed to provide information required by statute, including the debt amount, creditor's name, "to whom the debt is owned [sic]," validation of the debt, and

ORDER ON SUMMARY JUDGMENT
  8

their authority to collect. As a result, plaintiffs allege they are entitled to actual damages, additional damages not exceeding $1,000.00 per occurrence and attorneys' fees. ECF No. 7 at ¶¶ 5.2-5, citing 15 U.S.C. ¶ 1692k and section 13.

Defendants answer they are not debt collectors, and, more importantly, the statute relied on is expressly limited to consumer, rather than commercial, loans. As the loans at issue in this case are admittedly commercial, the statue does not apply. ECF No. 33 at 4.

Defendants are correct. They accurately point out that the nature of the debt is determined when it originates. It is undisputed these loans were obtained for the commercial purpose of building and selling homes. Further, a nonjudicial foreclosure of commercial (rather than consumer) property does not satisfy the debt but simply creates a bar against deficiency judgments in certain instances. ECF No. 33 at 4-7; RCW 61.24.100(1).

Plaintiffs as the nonmoving party fail to produce at least some significant probative evidence tending to support this claim. There is no evidence the debt as it originated was for consumer rather than commercial purposes. Accordingly, defendants are entitled to summary judgment as a matter of law as to plaintiffs' FDCPA claim. Defendant's motion for summary judgment as to this claim, ECF No. 20, is **GRANTED**. This claim is dismissed with prejudice.

**B. Claim two: violation of the Washington Collection Agency Act**

Similarly, plaintiffs allege defendants violated the Washington Collection Agency Act (WCAA) by (1) failing to provide proof of authority to collect the alleged debt against plaintiffs; (2) attempting

to enforce a debt that is void, voidable or unenforceable; (3) attempting to enforce a debt that is barred by the state statute of limitations; and (4) asserting a claim or attempting to collect a debt using a false or misleading name. ECF No. 7 at ¶ 4.4.

Defendants answer that, again, they are not a collection agency and so could not have violated the act. As defined by the WCAA, defendants point out they could not be debt collectors unless they are trying to collect a debt "owed or due another person." Defendants assert they are not trying to collect a debt owed to another person. ECF No. 33 at 9-11; RCW 19.16.100(2)(a).

Defendants are correct. Defendant SFR Venture is not trying to collect a debt owed to another person. By definition, it is not subject to the act.

Similarly, Ms. Ghidotti is not a collection agency as contemplated by the act. ECF No. 33 at 10-11. Rather, as defendants accurately assert, she is an attorney whose primary activity is practicing law and she does not engage in debt collection, other than acting as trustee for nonjudicial foreclosures. She is therefore not a collection agency. *Id.*, *citing Motherway v. Gordon*, 2010 WL 2803052 at *5 (W.D. Wash. 2010)(a law firm which only engages in the legal aspects of debt collection is not a "collection agency" for the purposes of WCAA regulation). Defendants are correct. Because plaintiffs' claim alleging violations of the WCAA fails as a matter of law, defendants' motion for summary dismissal of this claim, ECF No. 20, is **GRANTED.**

**C. Claim three: violation of Washington Consumer Protection Act**

Third, plaintiffs allege defendants violated RCW 19.86, based on

ORDER ON SUMMARY JUDGMENT
 10

violations of RCW 19.16.440, entitling them to judgment for treble damages, costs and attorneys' fees. ECF No. 7 at ¶¶ 6.2-6.4

However, because plaintiffs cannot establish the underlying violation on which this claim is based, the WCAA, the CPA claim must also fail. Plaintiffs' claim alleging violations of the Washington CPA fails as a matter of law. Defendant's motion for summary judgment with respect to the CPA claim is **GRANTED.**

**D. Request for action to quiet title**

Plaintiffs ask that any claimed lien, mortgage or cloud of title to the Ronald property should be quieted in plaintiffs' name. ECF No. 7 at ¶¶ 7.2-7.3. They assert the statute of limitations has run and the defendant trustee's deed recitals prevent further collection on the debt. ECF No. 30 at 5-7, 11-20; 37 at 5-9.

Defendants answer that these properties are owned by plaintiffs Mr. and Mrs. Lacelle, not by LC Custom Homes; plaintiffs admitted they signed the Ridgecrest (Ronald) DOT; admitted they defaulted on the loans; cannot contest receiving consideration in the form of a "pure collateral substitution of equal value," as the bank released its security interest in a $200,00.00 CD in exchange for granting the Ridgecrest (Ronald) DOT, which has a principal cap of $200,000.00, and, last, Mr. Lacelle admitted he signed a personal unconditional guaranty of the loans. ECF No. 22 at 12-13.

The DOTs were granted to secure the debt of Custom Homes. Because Custom Homes received consideration (loan advances and releases of collateral) the DOTS are valid and, as defendants point out, fully enforceable. ECF No. 22 at 12-14. Defendants' motion for summary

ORDER ON SUMMARY JUDGMENT
 11

judgment, ECF No. 20, as to plaintiffs' claim seeking to quiet title is **GRANTED as to the Ronald property and this claim is dismissed with prejudice.**

**E. Injunctive relief**

Plaintiffs ask defendants be enjoined from beginning or conducting trustees' sales or foreclosures of plaintiffs' Ronald property. ECF No. 7 at ¶¶ 8.2-8.3.

Defendants answer that because the right to judicially foreclose other DOTs is expressly reserved by RCW 61.24.100(3)(b), they are entitled to foreclose. The borrower here was provided consideration supporting the DOTs. And, the statute of limitations does not run until 2014 (six years after the default in November 2008). ECF No. 33 at 11-12. Defendants are correct. There is no issue of fact and defendants are entitled to foreclose on the Ridgecrest (Ronald) DOT as a matter of law.

Plaintiffs allege a mistake in the trustee's deeds following the nonjudicial foreclosure sales of Lots 29 and 36 supports their claim that the loans have been satisfied. ECF No. 27 at page 7. Defendants reply is simple: mistaken deed language that the sales were made in satisfaction in full of the obligation secured by the deed of trust was a representation from the trustee *to the sale's high bidder*, not to the defaulted borrower (plaintiffs). As such it has no legal relevance to the secured party's remaining collateral rights under RCW 61.24.100(3)(b). ECF No. 33 at pages 14-16 (emphasis added). Defendants are correct.

Defendant Ghidotti admits she included the language by mistake. ECF No. 36 at 2-3 [deeds at ECF No. 27 at Ex. 9, 11, ¶10]. Defendant SFR

ORDER ON SUMMARY JUDGMENT
  12

Venture did not make a full credit bid on either Lot 29 or Lot 36. *Id*. Plaintiffs are not parties to the trustee's deeds. Moreover, plaintiffs did not even learn of the mistake until discovery in this litigation, meaning they could not have relied on the mistake to their detriment. Defendants' motion for summary judgment with respect to plaintiffs' claim that foreclosures should be enjoined, ECF No. 20, is **GRANTED as to the Ronald property.**

**F. Failure to mitigate**

Plaintiffs allege defendants refused an offer of $450,000.00 for the sale of Lot 29 and instead sold it for $350,000.00 at the trustee's sale. Plaintiffs ask that if judgment is entered for defendants it should be offset by a sum equal to the amount defendants would have recovered if they had properly attempted to mitigate their damages. ECF No. 7 at ¶¶ 9.2-9.4. As defendants noted at oral argument, the amount before the court today is the limit of the DOT, $200,000. The argument is therefore irrelevant.

For the reasons discussed previously, there is no merit to this claim by the defaulting debtor, and defendants' motion for summary judgment as to this claim, ECF No. 20, is **GRANTED.**

**G. Defendants' counterclaim**

In addition to asking the court to dismiss all of plaintiffs' claims as a matter of law, defendants ask the court to grant summary judgment as to its counterclaim. ECF No. 20 at 1. Defendant SFR Venture seeks judicial foreclosure on the Ridgecrest (Ronald) DOT as a matter of law. ECF No. 22 at 15. For the reasons outlined above, defendant SFR Venture is entitled to the relief requested. With respect to defendants'

ORDER ON SUMMARY JUDGMENT
 13

motion for summary judgment as to its counterclaim, ECF No. 20, the motion is **GRANTED.**

**H. Plaintiff's cross-motion for partial summary judgment**

Plaintiffs ask the court to decide as a matter of law that (1) defendants are debt collectors as defined by 15 U.S.C. § 1692, (2) and are subject to the Washington Collection Agency Act, (3) claims against plaintiffs are barred by the statute of limitations and (4) defendants have "waived, released or are otherwise barred from pursuing a claim against plaintiffs." ECF No. 26 at 1-2. As noted, defendants are correct that the statute of limitations has not run.

For the reasons outlined above, plaintiffs' motion for partial summary judgment, **ECF No. 26, is DENIED**.

### VI. CONCLUSION

After considering the motion and the record,

**IT IS ORDERED** that defendants' motion for summary, **ECF No. 20**, and its counterclaim, are **GRANTED** as to all claims. Plaintiff's motion for partial summary judgment, **ECF No. 26**, is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel for plaintiffs and defendants.

**DATED** this 9th day of November, 2012.


                              s/James P. Hutton

                              JAMES P. HUTTON

                         United States Magistrate Judge